IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**FILEMON ARREOLA,**

        Petitioner,

v.

**JEFF PREMO,**
Supt. Oregon State Penitentiary,

        Respondent.

No. 6:15-cv-01013-YY

OPINION AND ORDER

**MOSMAN, J.,**

On February 12, 2019, Magistrate Judge Youlee Yim You issued her Findings and Recommendation (F&R) [73], recommending that I deny the Petition for Writ of Habeas Corpus [2] and enter a judgment of dismissal. Petitioner filed Objections to the F&R [75] and Respondent filed a Response [76]. For the reasons below, I adopt Judge You's F&R, DENY the Petition for Writ of Habeas Corpus [2], and DENY a certificate of appealability.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Petitioner was convicted on criminal charges and sentenced by a trial court in Marion County Circuit Court. Between the verdict and sentencing, Petitioner retained a new attorney. The trial court found that the State had met its burden of establishing seven of the eight sentence enhancement factors it moved for. The State asked the trial court to apply the seven enhancement factors to three of Petitioner's convictions. Petitioner's attorney argued that Petitioner was remorseful and had no prior record of criminal activity, urging the trial court to impose a sentence that would allow Petitioner to seek treatment or counseling. The trial court declined. In imposing the sentence departures, the trial court stated that it felt each of the factors would suffice for a departure, together or separately, so he did not need to specify which departure went with which offense. Petitioner appealed his conviction on other issues and lost.

Petitioner then filed for post-conviction relief (PCR) with the State. Petitioner alleged that his sentencing counsel was constitutionally ineffective for not arguing against the trial court's application of upward departures. The PCR court held an evidentiary hearing but ultimately rejected Petitioner's claims. The PCR court admitted that sentencing counsel's presentation was minimal but held that Petitioner had not demonstrated constitutionally ineffective performance. Petitioner appealed the PCR court's ruling and was denied. Petitioner then filed the instant Petition for Writ of Habeas Corpus, arguing that his sentencing counsel

provided constitutionally ineffective assistance by failing to sufficiently argue against the imposition of sentence departures.

Judge You gave deference to the PCR court's holding and conducted a de novo review of Petitioner's sentencing counsel's performance. In his briefing, Petitioner argued that the trial court improperly relied upon four of the seven listed enhancement factors but did not dispute the remaining three factors. At sentencing, the trial court declared each of the seven factors sufficient grounds to depart from the mandatory sentence for any of Petitioner's convictions, not just the four discussed by Petitioner. Judge You therefore found that Petitioner failed to demonstrate that the PCR court's holding was unreasonable or that Petitioner had been prejudiced by his sentencing counsel's representation. Petitioner objected to Judge You's holding that the PCR court is entitled to deference and that Petitioner was not prejudiced by his counsel's performance.

I agree with Judge You's finding that Petitioner has failed to demonstrate that sentencing counsel's performance caused him prejudice. To succeed on a claim of ineffective assistance, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that this performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To show prejudice by ineffective assistance at sentencing, Petitioner "must show that but for his counsel's deficiency, there is a reasonable probability he would have received a different sentence." *Porter v. McCollum*, 558 U.S. 30, 41 (2009).

Judge You is correct in her analysis that because Petitioner has not contested three of the sentence enhancement factors found by the trial court, he has not demonstrated prejudice. Petitioner has not shown that had his counsel made the arguments he offers in his brief, there is a likelihood he would have received a different sentence because the trial court found that each

sentence enhancement could apply to each sentence departure. Because Petitioner has failed to contest at least three of the sentence enhancements that the trial court applied to the sentence departures, Petitioner cannot meet his burden of demonstrating prejudice under *Strickland*. I also agree with Judge You that petitioner has not made a substantial showing of the denial of a constitutional right, and I therefore deny a certificate of appealability.

## CONCLUSION

For the reasons described above, I ADOPT the F&R [73]. The Petition for Writ of Habeas Corpus [2] is DENIED, a certificate of appealability is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 20 day of March, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge